**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 22-cv-03115-NYW-MDB

WILLIAM MABIE,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, and
DEPARTMENT OF TREASURY,

    Defendants.

---

**ORDER ON MOTION FOR PRELIMINARY INJUNCTION**

---

    This matter comes before the Court on the Petition for Injunctive Relief (the "Motion" or "Motion for Preliminary Injunction") filed by Plaintiff William Mabie ("Plaintiff" or "Mr. Mabie") on February 2, 2023. [Doc. 9]. In the Motion, Plaintiff requests that the Court enter an order directing the "Bureau of Prisons, ADX, to cease and desist from failing to seal, and delay[ing] mailing of legal mail." [*Id.* at 1]. For following reasons, the Motion is respectfully **DENIED**.

**BACKGROUND**

    Mr. Mabie initiated this civil action pro se on December 1, 2022 and filed an Amended Prisoner Complaint (the "Amended Complaint" on January 26, 2023. [Doc. 1; Doc. 7]. He names the Internal Revenue Service ("IRS") and the United States Department of Treasury as Defendants in this matter. [Doc. 7 at 1]. Mr. Mabie asserts one claim for relief under the Freedom of Information Act ("FOIA"), alleging that Defendants have failed to disclose records of economic stimulus checks sent to Plaintiff in 2020 and 2021. [*Id.* at 4]. Mr. Mabie seeks injunctive relief in

the form of a Court order "order[ing] Defendant[s] to state [the] address which payments were mailed to, or issue checks, and pay filing fees." [*Id.* at 6].

Now, in the Motion for Preliminary Injunction, Mr. Mabie asserts that "ADX[1] has granted itself process to take mail unsealed, 'read' for an average over 3 weeks, (which obstructs legal process) then possible mail, or possible never mail [sic]." [Doc. 9 at 2]. He requests a Court order "order[ing] ADX to seal legal mail after inspecting (not reading and copying) then place mail in outgoing mail without delay." [*Id.* at 3].[2]

## ANALYSIS

Rule 65 authorizes the Court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). A preliminary injunction is an extraordinary remedy. *See, e.g.*, *Winter v. Nat'l Res. Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). Thus, the right to such relief must be "clear and unequivocal." *Petrella v. Brownback*, 787 F.3d 1242, 1256 (10th Cir. 2015) (quoting *Beltronics USA, Inc. v. Midwest Inventory Distrib., LLC*, 562 F.3d 1067, 1070 (10th Cir. 2009)). A party seeking preliminary injunctive relief must satisfy four factors: (1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest. *Id.* at 1257.

Further, to obtain injunctive relief, "the movant must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Little v. Jones*,

---

[1] The Court assumes that Plaintiff's reference to "ADX" refers to officials working at Florence ADMAX United States Penitentiary, where he is currently housed. *See* [Doc. 7 at 2].

[2] Mr. Mabie also asserts that his "criminal cases was [sic] 'manufactured' by corrupt police and United States Attorney . . . USAO LIED so that perjury could be used dozens of times" and that "BOP/ADX have consistently failed to provide [him] medical care and [have] with[held] prescribed medication," which "led to loss of 70% of vision and blown cornea." [Doc. 9 at 2]. Mr. Mabie does not tie these allegations to his requested relief or this case. *See generally* [*id.*].

607 F.3d 1245, 1251 (10th Cir. 2010) (quotation omitted).  Plaintiff has asserted claims against the IRS and the Department of Treasury, alleging that these entities have failed to comply with FOIA requirements with respect to providing Plaintiff information about his stimulus checks. [Doc. 7 at 4].  In his Motion, he seeks unrelated relief—a Court order directing BOP officials to process Plaintiff's legal mail in an adequate and timely manner. [Doc. 9 at 3].  Mr. Mabie does not allege that the named Defendants are involved in the alleged obstruction of his legal mail and does not tie his present request to the substantive claims in this case.  *See generally* [*id.*].

Absent a relationship between a motion for injunctive relief and the conduct alleged in the complaint, the "motion for temporary relief has nothing to do with preserving the district court's decision-making power over the merits of [the] lawsuit." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).  Courts have held that where a movant fails to connect a request for preliminary injunctive relief to the underlying claims in a civil action, the motion for injunctive relief is properly denied.  *See, e.g.*, *Boles v. Colo. Dep't of Corr.*, No. 19-cv-01158-WJM-STV, 2020 WL 2098205, at *2 (D. Colo. May 1, 2020) (denying motion for injunctive relief where it sought relief that was "entirely unrelated to any claim alleged in the complaint"); *Gess v. USMS*, No. 20-cv-01790-PAB-STV, 2020 WL 8838280, at *21 (D. Colo. Dec. 10, 2020) (recommending denial of a motion for injunction where the plaintiff sought relief unrelated to his underlying claims), *report and recommendation adopted in pertinent part*, 2021 WL 423436 (D. Colo. Feb. 5, 2021).

Moreover, generally speaking, the Court has no power to enjoin non-parties to this litigation; under the Federal Rules, an injunction binds only the parties; the parties' officers, agents, servants, employees, and attorneys; or "other persons who are in active concert or participation with" those individuals.  *See* Fed. R. Civ. P. 65(d).  Mr. Mabie does not argue that the BOP is acting as the agent of or in active concert with the IRS or the Department of Treasury.  *See* [Doc.

3

7; Doc. 9]. This is an independently sufficient basis to deny the Motion for Preliminary Injunction. *See Neighbors v. Lawrence Police Dep't*, No. 15-cv-4921-DDC-KGS, 2016 WL 3685355, at *13 (D. Kan. July 12, 2016) ("[T]he District Court is not a party to this case. The court thus has no authority to issue an injunction against it under Fed. R. Civ. P. 65."); *Gess*, 2020 WL 8838280, at *20 (recommending denial of motion for preliminary injunction that "[sought] relief against individuals who are not named defendants in th[e] case").

In sum, Mr. Mabie has not established the requisite connection between the instant Motion and his underlying claims, and has not demonstrated that this Court has the authority to enjoin the BOP as a non-party to this action. He has thus not demonstrated that he is entitled to the "extraordinary" remedy requested. *Winter*, 555 U.S. at 24. For these reasons, the Motion for Preliminary Injunction is **DENIED**.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

(1)  The Petition for Injunctive Relief [Doc. 9] is **DENIED**; and

(2)  A copy of this Order, marked as legal mail, shall be sent to:

> William Mabie, #35831-044
> Florence ADMAX U.S. Penitentiary
> Inmate Mail/Parcels
> PO Box 8500
> Florence, CO 81226

DATED: February 9, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge