IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Maritza Dominguez Braswell**

Civil Action No. 22–cv–03115–MDB

WILLIAM MABIE,

    Plaintiff,

v.

INTERNAL REVENUE SERVICE, and
DEPARTMENT OF TREASURY,

    Defendant.

## ORDER

This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment. (Doc. No. 29.) Defendant failed to respond within the period provided by the Local Rules. The Court *sua sponte* granted Plaintiff additional time to file a response, but Plaintiff still did not file a response and may have abandoned the case. After review, Defendants' Motion is **GRANTED**.

## DISCUSSION

In his Amended Complaint, Plaintiff contends that Defendants failed to respond to or acknowledge six Freedom of Information Act ["FOIA"] requests concerning 2020 and 2021 economic stimulus payments.[1] (Doc. No. 7 at 4.) Plaintiff initiated this action seeking a court

---

[1] Plaintiff applied for stimulus payments but believes his "checks were pilfered while he was blind." (Doc. No. 7 at 4.)

order that Defendants disclose "addresses which payments were mailed to, or issue checks, and pay filing fees." (*Id.* at 6.)

Defendants contend that the Internal Revenue Service ["IRS"] has not received a FOIA request from Plaintiff. (Doc. No. 29 at 3.) Defendants submit the declaration of Irma Rentas, a management analyst in the IRS's Office of Privacy, Government Liaison, and Disclosure. (*Id.* Ex. 1 at ¶ 1.) Ms. Rentas avers that she was directed to "search for any FOIA requests submitted by 'William Mabie'" in the IRS's electronic inventory system, "FOIAXpress for Disclosure,[2]" and her search "revealed no FOIA requests were submitted, received, indexed or assigned for a person of that name." (*Id.* Ex. 1 at ¶¶ 2, 4.) Ms. Rentas further states that she "performed several other searches, including the following combinations of first and last names":

| Searched First Name | Searched Last Name |
|---|---|
|  | Mabie |
| William |  |
| W | Mabie |
| William | M |

(*Id.* Ex. 1 at ¶ 5.) These searches did not uncover any FOIA requests originating from an individual resembling Plaintiff.[3] (*Id.* Ex. 1 at ¶ 6.)

Pursuant to 5 U.S.C. § 552(a)(4)(B), a court may order an agency's compliance with FOIA if, after the requestor has exhausted administrative remedies, the agency has failed to

---

[2] Ms. Rentas states that "[e]very FOIA request received by [the] IRS [office of Privacy, Government Liaison, and Disclosure] ... [is] recorded and stored electronically in FOIAXpress." (Doc. No. 29 Ex. 1 at ¶ 3.)

[3] Ms. Rentas also says, "I also searched the IRS's legacy FOIA database, 'AFOIA,' for any requests submitted in the last six years by a person with the last name 'Mabie.'... AFOIA was used by IRS Disclosure to record and electronically store FOIA requests from 2011 to 2020. That search revealed no FOIA requests were received from anyone with the surname 'Mabie.'" (Doc. No. 29 Ex. 1 at ¶ 8.)

comply with its FOIA obligations. "Generally, a plaintiff must exhaust [his] administrative remedies under FOIA before filing suit in federal court so that the agency has an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." *Hull v. I.R.S., U.S. Dep't of Treasury*, 656 F.3d 1174, 1179 (10th Cir. 2011) (quoting *Wilbur v. CIA*, 355 F.3d 675, 677 (D.C.Cir. 2004)). "[C]ourts have often held that a party's failure to file a FOIA request that complies with the agency's rules and procedures for filing such a request constitutes failure to exhaust administrative remedies…. 'An agency's disclosure obligations are not triggered until it has received a proper FOIA request in compliance with its published regulations.'" *Id.* at 1180 (quoting *Strunk v. Dep't of State*, 693 F. Supp. 2d 112, 114 (D.D.C. 2010)).

Plaintiff has failed to submit any evidence, or indeed a response of any kind, to refute Defendants' sworn declaration they never received FOIA requests on Plaintiff's behalf. Further, as Defendants note, Plaintiff has not submitted any copies of his purported requests, nor "identif[ied] the dates he sent these requests, the particular records the requests allegedly sought, the address to which the requests were sent, or the methods of transmission." (Doc. No. 29 at 3.) In short, Plaintiff has failed to demonstrate that he has exhausted his administrative remedies, and the Court, therefore, cannot order the relief requested.

Accordingly, Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. No. 29) is **GRANTED**, and this case is **DISMISSED**.

3

Dated this 4th day of October, 2023.

**BY THE COURT:**

_____
Maritza Dominguez Braswell
United States Magistrate Judge

4